IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH RASCON,

    Plaintiff,

  v.                                                              No. CV 15-0067 MV/CEG

CORIZON MEDICAL CORP.,
LEA COUNTY CORRECTIONAL FACILITY
MEDICAL DIRECTOR MR. DONALD DOUGLAS,
LEA COUNTY CORRECTIONAL FACILITY
P.A. NURSE MRS. MAUREEN BIXENMAN,
DOCTOR STABLER, V. KEELING,
THE G.E.O. GROUP INC.,
OFFICERS OF G.E.O. MRS. ELIZANDRO,
SGT ALVARADO, SGT RESINDEZ,
OFFICER HILL, WARDEN COOPER,
OFFICER BALDANADO,
ALL MENTIONED G.E.O. OFFICERS HERE AT
LEA COUNTY CORRECTIONAL FACILITY,
CONTRACT MONITOR MRS. VALERIE NAEGLE,
MR. JERRY ROARK DIRECTOR D.O.C.,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Also before the Court are Plaintiff's Motions for Service (Docs. 6, 7) and Motion to Define Official Capacity of Corizon Medical (Doc. 11). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule

12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff alleges that he suffers from arthritis and bone degeneration which cause him severe pain. He refused to undergo hip surgery, at which time Defendant Bixenman, in consultation with Defendants Douglas and Stabler, placed him in a medical cell for four days. The cell had only a steel slab for sleeping and no mattress or blankets. The morphine treatments that he had been receiving ceased, allegedly on the order of Defendant Stabler, and he was given a psychiatric drug for the four days. On the fourth day he was given a mattress and bedding. Afterward, his attempts to obtain administrative relief were denied or ignored. Plaintiff asserts that Defendants' actions during the four-day period violated his constitutional due process rights and protections against cruel and unusual punishment. Furthermore, he asserts that Defendants' subsequent actions in failing to remedy his situation violated his First and Fourteenth Amendment rights. For relief, the complaint seeks punitive damages.

Plaintiff's allegations of constitutional violations during the original incident do not state claims for relief against Defendants other than Bixenman, Douglas, and Stabler. The complaint makes no allegations against the other named Defendants affirmatively linking them to the underlying violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To

succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official.  *See id.*  The only allegation against any of these Defendants is that they were aware of his painful condition.  As the Court of Appeals for the Tenth Circuit has stated, "[Plaintiff's] formulaic recitation that these defendants knew of his condition and were deliberately indifferent to it fails to demonstrate an affirmative link to the alleged constitutional violation."  *Conley v. McKune*, 529 F. App'x 914, 921 (10th Cir. 2013).  The Court will dismiss Plaintiff's claims arising from the incidents of February, 2014, against all Defendants except Bixenman, Douglas, and Stabler.

Plaintiff bases his remaining claims against the other Defendant on allegations that they violated departmental policies by ignoring and denying his grievances and administrative complaints.  As a starting point, violations by prison officials of departmental and prison regulations, without more, are not actionable under 42 U.S.C. § 1983.  " 'It is well established' that a violation of state law 'does not create a claim under § 1983.'  A failure to follow a state statute is 'actionable only if the [alleged] actions fail to meet basic federal constitutional standards.' "  *Hoffman v. Martinez*, 92 F. App'x 628, 632 (10th Cir. 2004) (quoting *Rector v. City & County of Denver*, 348 F.3d 935, 947 (10th Cir. 2003)).  Here, in particular, Plaintiff's allegations that Defendants have ignored and summarily denied his grievances and administrative complaints do not support constitutional claims.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quotation omitted); *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000).

Furthermore, a plaintiff's pleading must allege that the defendants' actions caused an

"actual injury[, which] derives ultimately from the doctrine of standing." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, the resulting "conditions complained of must be 'sufficiently serious' to implicate constitutional rights . . . . [A] prisoner must show . . . 'conditions posing a substantial risk of serious harm' to inmate health or safety." *DeSpain v. Uphoff,* 264 F.3d 965, 973 (10th Cir. 2001) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). Here, the complaint makes no allegation that grievance failures resulted in conditions or injuries that meet the standards noted in these cases. The Defendants' alleged violations of grievance procedures thus did not infringe Plaintiff's constitutional rights. "When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam), *quoted in Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011). "This means that after [Defendant] denied the grievance form, [Plaintiff] was free to file suit. Thus, because [Defendant]'s denial of the grievance form in no way prevented or hindered [Plaintiff] from bringing suit in court, his [constitutional] claim indisputably lacks merit." *Fogle v. Gonzales*, 570 F. App'x 795, 797 (10th Cir. 2014). The Court will dismiss Plaintiff's claims for violations of grievance procedures.

With respect to Plaintiff's Motions for Service (Docs. 6, 7), the Court is initiating service of process by directing issuance of notice and waiver-of-service forms under Rule 4(d) of the Federal Rules of Civil Procedure. *Cf.* 28 U.S.C. § 1915(d) (requiring that officers of the Court effect service). These motions are thus moot. Likewise, because Plaintiff's claims against Corizon are dismissed by this Order, his Motion to Define Official Capacity of Corizon Medical (Doc. 11) is also moot. The motions will be denied.

4

IT IS THEREFORE ORDERED that Plaintiff's claims of violations of grievance procedures are DISMISSED in their entirety; his claims against Defendants Corizon Medical Corp., V. Keeling, The G.E.O. Group Inc., Officers of G.E.O. Mrs. Elizandro, Sgt Alvarado, Sgt Resindez, Officer Hill, Warden Cooper, Officer Baldanado, All Mentioned G.E.O. Officers Here At Lea County Correctional Facility, Contract Monitor Mrs. Valerie Naegle, and Mr. Jerry Roark Director D.O.C. are DISMISSED; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's Motions for Service (Docs. 6, 7) and Motion to Define Official Capacity of Corizon Medical (Doc. 11) are DENIED as moot;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint and this Order, for Defendants Bixenman, Douglas, and Stabler.

_____
UNITED STATES DISTRICT JUDGE