IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH RASCON,

    Plaintiff,

  v.                                            No. CV 15-0067 MV/CEG

DONALD DOUGLAS, MAUREEN BIXENMAN,
and DR. LISA STABLER,

    Defendants.

**ORDER DENYING MOTION TO AMEND COMPLAINT WITHOUT PREJUDICE AND
SETTING A DEADLINE FOR PLAINTIFF TO REFILE HIS MOTION**

**THIS MATTER** is before the Court on Plaintiff's *Motion to Amend Complaint*, (Doc. 28), filed on November 16, 2015. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis ("IFP"). In the motion, Plaintiff notes that several current Defendants have been replaced by new staff members. (*Id.* at 1). Plaintiff asserts that the "[p]arties now in violation of pain medication are Mrs. Cavillo, Mr. Berry, Dr. Burnbaum and Regional Doctor Mr. Arnold." (*Id.*). Given that these prospective additional Defendants are now serving in positions previously filled by the current Defendants, the Court construes the motion as seeking leave to file a supplemental pleading and not to amend the operative Complaint. *Compare* Fed. R. Civ. P. 15(a) (providing for amending claims in an existing complaint) *with* Fed. R. Civ. P. 15(d) (providing for supplementing a complaint with additional claims for "any transaction, occurrence, or event that happened *after* the date of the pleading [i.e., complaint] to be supplemented") (emphasis added).

In any event, Plaintiff's Motion will be denied for failure to attach a proposed

supplemental pleading.  Under the federal rules, the Court may, "on just terms" and upon the filing a motion, permit Plaintiff to file a supplemental pleading.  FED. R. CIV. P. 15(d).  Local Rule of Civil Procedure 15 pertains to "Amended and Supplemental Pleadings," and Rule 15.1 requires that "[a] proposed amendment to a pleading must accompany the motion to amend."  D.N.M.LR-Civ. 15.1.  While the rule does not explicitly state that it applies to supplemental pleadings, the purpose of the rule is to facilitate the Court's decision of whether to grant leave to amend or supplement and the Court is unaware of any reasoned basis for treating proposed supplemental pleadings differently from proposed amendments.  Indeed, a court should "apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a)."  *Sw. Nurseries, LLC v. Florists Mut. Ins., Inc.*, 266 F. Supp. 2d 1253, 1256 (D. Colo. 2003).  Thus, the Court will deny Plaintiff's Motion as presented for failing to attach his proposed supplemental pleading.

However, because "'[t]he purpose of [Rule 15(d) ] is to promote as complete an adjudication of the dispute between the parties as is possible,'" the Court will permit Plaintiff to refile his Motion so that it complies with Local Rule of Civil Procedure 15.1 and Federal Rule of Civil Procedure 15(d).  *First Savings Bank, F.S.B. v. U.S. Bancorp*, 184 F.R.D. 363, 368 (D. Kan. July 23, 1998) (quoting *LaSalvia v. United Dairymen of Arizona*, 804 F.2d 1113, 119 (9th Cir. 1986)).  To ensure an expeditious resolution of this case, the Court will require Plaintiff to refile his motion for leave to supplement **by no later than December 1, 2015**.[1]

---

[1] The Court is mindful that, should Plaintiff be permitted to file a supplemental pleading, additional time may be required to file a comprehensive *Martinez* Report or a second *Martinez* Report may be required.

**IT IS THEREFORE ORDERED** that Plaintiff's request to supplement his civil rights complaint is **DENIED** without prejudice.  Plaintiff may refile a motion for leave to file a supplemental pleading **on or before December 2, 2015.** Plaintiff shall attach the supplemental pleading itself, setting forth all of his allegations against the additional defendants that he seeks to add to this case, to his motion for leave;[2]

**IT IS FURTHER ORDERED** that the Clerk is directed to send Plaintiff a § 1983 civil rights complaint form.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is hereby notified that, although leave to supplement is to be granted "on just terms," the standard applied to motions for leave to file supplemental pleadings mirrors that of motions for leave to amend, which may be denied on futility grounds. *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r Serv., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.*  A § 1983 civil rights complaint filed by a pro se plaintiff proceeding IFP is subject to dismissal if it fails to allege "sufficient facts on which a recognized legal claim could be based" or is "based on an indisputably meritless legal theory." *Hall v. Bellmon*, 935 F.2d 1106, 1110, 1109 (10th Cir. 1991).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.* at 1110. Therefore, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original).