## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

JOSEPH RASCÓN,

      Plaintiff,

vs.                                         No. CV 15-00067 MV/GJF

DONALD DOUGLAS, MAUREEN
BIXENMAN, AND DR. LISA STABLER,

      Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on the Motion for Summary Judgment filed on December 16, 2015 by Defendants Donald Douglas, Maureen Bixenman and Dr. Lisa Staber (incorrectly named as "Stabler"). (Doc. 41.) Also before the Court are several motions filed by Plaintiff Joseph Rascón. (Docs. 27, 33, 34, 35, 36, 37, 38, 39, 45, 51, 52, 60, 61, 64, 65, 66, 70, 71, 72, and 73.)

For the reasons set out below, the Court denies all of the following motions: Mr. Rascón's Motion for Court Authority to Order Corizon Physicians to Provide Morphine for Pain (**Doc. 27**), Motion for Leave to File 42 U.S.C. § 1983 Supplemental Complaint (**Doc. 33**), Motion for Transport to Lea Regional Medical Center to Unit of Pain Management (**Doc. 34**), Motion for Supplemental Pleading (**Doc. 35**), Motion for Final Order for Declaratory Judgment for Morphine for Pain (**Doc. 36**), Motion for Appointment of Expert to Review CT Scan and MRI (**Doc. 37**), Motion for Medical Consultation with a Pain Specialist at Lea Regional Medical Center (**Doc. 38**), Motion for Medical Contract Monitor (**Doc. 39**), Motion to Define Doctors'

1

Responsibility Under (Cost v. Care Doctrine) (Liberty Interest) (**Doc. 51**), Motion to Compel Discovery under FED. R. CIV. P. 37(a)(2) (**Doc. 60**), Motion for Joinder of Defendants under FED. R. CIV. P. 20(a)(2) (**Doc. 61**), FED. R. CIV. P. 26(a)(2) Motion to Admit Dr. D. Birnbaum as Party-Opponent Expert Witness (**Doc. 64**), Motion for Injunction and for Medical Administrator and Medical File Placement (**Doc. 65**), Motion for Medical File of Joseph Rascón (in support of Motion for Injunction) (**Doc. 66**), Motion, Door Opened for (3) Requests for Admissions and Notice of Inaccurate Statement (**Doc. 70**), "Motion, Dr. Birnbaum as of Date 7-4-2016 Exhibit of Standard Order of Care" (**Doc. 71**), Expert Witness Motion and Exhibit (**Doc. 72**), and Motion to Allow Dr. Birbaum as Expert Witness (**Doc. 73**).

For the reasons set out below, the Court grants Mr. Rascón's Motion to Admit Evidence filed January 11, 2016 (**Doc. 45**) and Request for CM/ECF System for Electronic Assistance by Clerk of Court for Notice of Service to Defendants' Attorney of All Documents Filed (**Doc. 52**).

Further, for the reasons set out below, under FED. R. CIV. P. 56, the Court grants the Motion for Summary Judgment by Defendants Donald Douglas, Maureen Bixenman and Dr. Lisa Staber (**Doc. 41**) and dismisses with prejudice Mr. Rascón's Complaint (**Doc. 1**) and all claims and causes of action in the Complaint.

## BACKGROUND

### I.     Procedural Background

Mr. Rascón filed his pro se 42 U.S.C. § 1983 Civil Rights Action Against State and Local Officials and Private Contractors in Violation of 1st, 8th, 14th Constitutional Rights ("Complaint") on January 26, 2015. (Doc. 1.) The Complaint named several entities,

2

corporations, and individuals as Defendants. (Doc. 1 at 1.) On July 16, 2015, the Court dismissed the claims against all Defendants except for Douglas, Bixenman, and Staber by Memorandum Opinion and Order. (Doc. 15.) The Court permitted Mr. Rascón's Eighth Amendment claims to proceed against Defendants Douglas, Bixenman, and Staber and ordered service on the Defendants. (*Id.* at 5.)

On September 16, 2015, the Court ordered Defendants to file a report under *Martinez v. Aaron,* 570 F.2d 317 (10th Cir. 1978) ("*Martinez* Report"). (Doc. 22.) On December 16, 2015, Defendants Douglas, Bixenman, and Staber filed the *Martinez* Report and a Motion for Summary Judgment. (Doc. 41.) Mr. Rascón made several filings in opposition to the *Martinez* Report and the Motion for Summary Judgment. (Docs. 44, 46, 47, 48, 49, 50, 53, 54, 56, and 72.) Defendants' Reply in Support of *Martinez* Report and Motion for Summary Judgment was filed on March 16, 2016. (Doc. 58.)

Mr. Rascón also filed many motions seeking declaratory or injunctive relief (Docs. 27, 34, 36, 37, 38, 39, 51, and 65), the admission of evidence (Docs. 45, 71, 72, and 73), discovery (Docs. 60 and 70) and leave to amend or supplement his Complaint (Docs. 33, 35, and 61). All of those motions are discussed below.

## II.     Factual Background

Mr. Rascón is incarcerated at the Lea County Correctional Facility (LCCF) in Hobbs, New Mexico. (Docs. 1 and 22.) Mr. Rascón alleges that he has arthritis and degenerative bone disease—conditions that cause him severe pain. (Doc. 1 at 8.) He claims that in February 2013, he refused to have bilateral hip surgery. (*Id.*) One year after he first refused bone surgery, in

3

February 2014, Mr. Rascón alleges that Defendants stopped giving him morphine, which he was taking for severe pain. (*Id.*) He was prepared for transport to Albuquerque for surgery. (*Id.*) After he refused transport and surgery on February 18, 2014, Mr. Rascón alleges that Defendant Bixenman, in consultation with Defendant Douglas and Defendant Staber, placed him in a medical segregation unit without a mattress or blanket for four days. (*Id.*). He alleges that he requested a mattress from Defendant Douglas and explained that sleeping on a steel slab caused him pain, but that his request was denied. (*Id.* at 9.) Mr. Rascón also claims that Defendant Bixenman gave him Vistaril for his anxiety and agitation during this time. (*Id.* at 19.) Mr. Rascón contends that Defendants violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs because they knew he was in pain without morphine, gave him Vistaril, and placed him in a medical segregation unit without a mattress where he was forced to sleep on a steel slab that caused him extreme pain. (*Id.* at 10–11; Doc. 12 at 1.) He further alleges that Defendant Bixenman failed to report a corrections officer for misplacing keys that would open his medical cell. (Doc. 1 at 10–11.)

## ANALYSIS

### I.     Legal Standard for Summary Judgment

Before discussing the claims that Mr. Rascón alleges in his Complaint, the Court describes the standard for deciding a Motion for Summary Judgment and the significance of a *Martinez* report in deciding a Motion for Summary Judgment. *Martinez v. Aaron,* 570 F.2d 317 (10th Cir.1978).

4

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of "'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998). Once the moving party has met this burden, the nonmoving party must identify specific facts that show the existence of a genuine issue of material fact requiring trial on the merits. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party must identify these facts "by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671. A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A mere "scintilla of evidence" is insufficient to successfully oppose a motion for summary judgment. *Id.* at 252. The record and all reasonable inferences therefrom must be viewed in the light most favorable to the nonmoving party. *See Muñoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000).

The district courts may require a *Martinez* report to develop a basis for determining whether a prisoner plaintiff possibly has a meritorious claim. "The purpose of the *Martinez* report is to identify and clarify the issues plaintiff raises in his or her complaint." *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991). (citing *Martinez,* 570 F.2d at 319 and *Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir. 1987)). "It also aids the court in its broad reading of the

pro se litigant's pleadings under [*Haines v. Kerner,* 404 U.S. 519, 520–21(1972)] by supplementing a plaintiff's often inadequate description of the practices that he [or she] contends are unconstitutional." *Hall*, 935 F.2d at 1112 (citing *Gee,* 829 F.2d at 1007). "This process is designed to aid the court in fleshing out possible legal bases of relief from . . . pro se prisoner complaints[.]" *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) (citing *Hall*, 935 F.2d at 1111–13; other citations omitted).

In this case, the Court ordered and Defendants filed a *Martinez* report. (Doc. 22 and 41). The Court treats the *Martinez* Report as part of the pleadings and considers it in deciding a dispositive motion. *Hall*, 935 F.2d at 1111–13. On summary judgment, "[a] *Martinez* report is treated like an affidavit, and the court is not authorized to accept its fact findings if the prisoner has presented conflicting evidence." *Hall*, 935 F.2d at 1111. (citing *Sampley v. Ruettgers*, 704 F.2d 491, 493 n. 3 (10th Cir. 1983)). "The plaintiff's complaint may also be treated as an affidavit if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury." *Hall*, 935 F.2d at 1111 (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139, n. 1 (10th Cir. 1985)).

The Court considers both the *Martinez* report and Mr. Rascón's filings in opposition to the *Martinez* Report in ruling on the Motion for Summary Judgment. *Hall*, 935 F.2d at 1111–13.

**II.    The Court grants Mr. Rascón's Motion to Admit Evidence (Doc. 45) solely for the purpose of ruling on the Motion for Summary Judgment. The Court also considers the records of medical treatment attached to his Motion to Admit Dr. D. Birnbaum as Party-Opponent Expert Witness as evidence. The Court denies other Evidentiary Motions (Docs. 71, 72, and 73) as Moot.**

Mr. Rascón filed five motions seeking to admit evidence. In his Motion to Admit Evidence filed on January 11, 2016 (Doc. 45), Mr. Rascón asked that the Court admit a March 24, 2015 medical order by Defendant Bixenman. The Court grants the Motion (Doc. 45) solely for the purpose of ruling on the summary judgment motion and not for admissibility at trial. In his Motion to Admit Dr. D. Birnbaum as Party-Opponent Expert Witness under Fed. R. Civ. P. 26(a)(2) (Doc. 64), Mr. Rascón asks that the Court have Dr. Birnbaum designated as an expert witness. The Court will consider the records of Dr. Bixenman's treatment attached to the Motion as factual evidence for purposes of ruling on summary judgment. However, because the Court grants summary judgment in favor of Defendants, the Court denies as moot the Motion to Designate Dr. Birnbaum as a Party-Opponent Expert Witness. (Doc. 64.)

Mr. Rascón also recently filed three additional evidentiary motions: Dr. Birnbaum as of Date 7-4-2016 Exhibit Standard Order of Care (Doc. 71), Expert Witness Motion and Exhibit (Doc. 72), and Motion to Allow Dr. Birnbaum as "Expert" Witness through Inevitable Discovery (Doc. 73). Mr. Rascón's evidentiary motions seek the admission of witness testimony and evidence to contradict Defendants' testimony (Doc. 71 at 2 and 5, Doc. 72 at $1 - 2$, and Doc. 73). In light of the grant of Summary Judgment for Defendants, the Court also denies the three evidentiary motions as moot. (Docs. 71, 72, and 73.)

III.    **The Court grants Summary Judgment for the Defendants on Mr. Rascón's Eighth Amendment claims for deliberate indifference to serious medical needs.**

The Court's July 16, 2015 Memorandum Opinion and Order allowed Mr. Rascón's Eighth Amendment claims of deliberate indifference to serious medical needs and retaliation to proceed against Defendants Douglas, Bixenman and Staber. (Doc. 15). The Eighth Amendment prohibits the government from inflicting cruel and unusual punishment. U.S. Const. Amend. VIII. The Eighth Amendment's prohibition on cruel and unusual punishment "encompasses deliberate indifference by prison officials." *Howard v. Waide*, 534 F.3d 1227, 1235 (10th Cir. 2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' [] proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104 (internal citation omitted). Deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced [whether by the conduct of prison medical officials or of prison guards], deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle,* 429 U.S. at 104–05.

Principles of dignity, civility, humanity, and decency establish the government's obligation to provide medical care for those whom it is punishing by incarceration. "An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical torture or a lingering death"—the "most immediate concern to the drafters of the Eighth Amendment."

*Estelle*, 429 U.S. at 103 (internal quotations omitted). "In less serious cases, denial of medical care may result in pain and suffering which . . . would serve [no] penological purpose." *Id.*

An Eighth Amendment claim for deliberate indifference to serious medical needs involves a two-pronged inquiry, comprised of an objective component and a subjective component. *Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir.2000).

Under the objective component, "a medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir.1980) (further quotation omitted)). The question is not limited to whether the inmate's symptoms render a medical need sufficiently serious, but also extends to whether the potential risk of substantial harm to the inmate is sufficiently serious. *Mata v. Saiz,* 427 F.3d 745, 752 (10th Cir. 2005).

Under the subjective component, the defendant must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006). In other words, the plaintiff must establish that the defendant "knew [the plaintiff] faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting *Farmer*, 511 U.S. at 847). Unlike the objective component, the symptoms displayed by the prisoner are relevant to the subjective component of deliberate indifference. *Mata*, 427 F.3d at 753.

With regard to the subjective component, the question for the Court is: "were the

9

symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir.2009) (quoting *Mata*, 427 F.3d at 753). Prison officials who "actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Howard v. Waide*, 534 F.3d 1227, 1239 (10th Cir. 2008) (quoting *Farmer*, 511 U.S. at 844–45). "An official responds to a known risk in an objectively unreasonable manner if the official knew of ways to reduce the harm but knowingly [or] recklessly declined to act." *Howard*, 534 F.3d at 1239–40 (quoting *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 620 (11th Cir. 2007) (quotation omitted).

Consequently, accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition, does not constitute a medical wrong under the Eighth Amendment. *See Estelle*, 429 U.S. at 105–06. Moreover, a difference of opinion between the prison's medical staff and the plaintiff about the diagnosis or treatment which the plaintiff receives does not alone give rise to a cause of action. *See, e. g., Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Self v. Crum,* 439 F.3d at 1231; *Thompson v. Gibson,* 289 F.3d 1218, 1222 (10th Cir. 2002).

Proceeding under § 1983, Mr. Rascón seeks both compensatory and punitive damages for the Defendants' alleged violation of the Eighth Amendment's prohibition on cruel and unusual punishment. Mr. Rascón alleges that the Defendants inflicted cruel and usual punishment on him by showing deliberate indifference to his serious medical needs. Specifically, Mr. Rascón claims that the Defendants were deliberately indifferent to the severe pain he suffered from

10

osteoarthritis and degenerative joint disease. (Doc. 1 at 8.) He claims that in February 2013, he refused to have bilateral hip surgery. (*Id.*) One year after he first refused bone surgery, in February 2014, Mr. Rascón alleges that Defendants stopped giving him morphine, which he was taking for severe pain. (*Id.*) He was prepared for transport to Albuquerque for surgery. (*Id.*) After he refused transport and surgery on February 18, 2014, Mr. Rascón alleges that Defendant Bixenman, in consultation with Defendant Douglas and Defendant Staber, placed him in a medical segregation unit without a mattress or blanket for four days. (*Id.*). He alleges that he requested a mattress from Defendant Douglas and explained that sleeping on a steel slab caused him pain, but that his request was denied. (*Id.* at 9.) Mr. Rascón also claims that Defendant Bixenman gave him Vistaril for his anxiety and agitation during this time. (*Id.* at 19.) Mr. Rascón contends that Defendants violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs because they knew he was in pain without morphine, gave him Vistaril, and placed him in a medical segregation unit without a mattress where he was forced to sleep on a steel slab that caused him extreme pain. On the fourth day he was given a mattress and bedding. (Doc. 1 at 8, 9-11, 19).

In addition to the claims he asserts in his Complaint, Mr. Rascón also has a number of motions pending that challenge the Defendants' decision to withdraw Morphine and Norco medications and request that he be prescribed narcotic pain medication. These motions include:

(1) Motion for Court Authority to Order Corizon Physicians to Provide Morphine for Pain (Doc. 27);
(2) Motion for Transport to Lea Regional Medical Center to Unit of Pain Management (Doc. 34);
(3) Motion for Final Order for Declaratory Judgment for Morphine for Pain (Doc. 36);
(4) Motion for Appointment of Expert to Review CT Scan and MRI (Doc. 37);

11

(5) Motion for Medical Consultation to Pain-Specialist at Lea Regional Medical Ct. (Doc. 38);
(6) Motion for Medical Contract Monitor (Doc. 39);
(7) Motion to Define Doctors' Responsibility Under (Cost v. Care Doctrine) (Liberty Interest) (Doc. 51);
(8) Motion for Injunction (Doc. 65); and
(9) Motion, Medical File Joseph Rascón (in support of Motion for Injunction) (Doc. 66).

The Court construes the nine pending motions as requests for declaratory and injunctive relief based on the alleged Eighth Amendment violation.

The undisputed facts in the record show that Mr. Rascón suffers from serious medical conditions, including osteoarthritis and degenerative joint disease, which have been diagnosed by a physician as mandating treatment. Therefore, Mr. Rascón has established the objective component of an Eighth Amendment claim. *Ramos v. Lamm,* 639 F.2d at 575.

Mr. Rascón fails, however, to meet his burden to show the subjective component of an Eighth Amendment claim. The undisputed record also shows that in February 2014, Mr. Rascón's healthcare providers had arranged for him to have a bilateral hip replacement surgery. (Doc. 41-4 at 3.) Mr. Rascón declined to proceed with the surgery. (Doc. 1 at 8.) Following Mr. Rascón's decision, his healthcare providers exercised medical judgment and decided to withdraw Morphine and Norco, opiate pain medications, from Mr. Rascón's pain management regimen. (Docs. 41-4 at 3 and 41-5 at 3–5.) After Mr. Rascón complained that Morphine was not relieving his pain, his healthcare providers prescribed Norco, a pain reliever that contains both non-narcotic and narcotic pain medications (acetaminophen and hydrocodone). (Doc. 41-4 at 4.) After Mr. Rascón continued to complain about pain, but refused surgery, his healthcare providers substituted the opiate pain medications with non-narcotic pain medications. (Doc. 41-4 at 4.) His

healthcare providers note that they never intended to use narcotic pain medication as a long-term pain management strategy, "but rather as only short-term relief for his pain until" surgery. (Doc. 41-4 at 7.) They also provided medication "to alleviate some of the common side effects of opiate withdrawal." (Doc. 41-4 at 7.) Mr. Rascón was placed in a medical observation cell during the withdrawal from morphine and the transition to non-narcotic pain medications. (Docs. 41-4 at 7 and 41-5 at 5.) Although the record is not clear on the issue, the Court treats Mr. Rascón's allegation that he did not have a mattress or bedding for four days as true for purposes of the summary judgment motion. (Doc. 1 at 9.) After the 2014 withdrawal from Morphine and Norco, Mr. Rascón has been prescribed alternative pain medications, including Tramadol, and has recently been given a prescription for Morphine by a different health care provider, Dr. Birnbaum. (*See* Doc. 71 at 6.)

Mr. Rascón disagrees with his healthcare providers' February 2014 decisions to withdraw the opiate pain medications and to place him in a medical observation cell. He alleges that the withdrawal of Morphine and Norco and his placement in a medical observation cell during that transition and withdrawal constitute deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment. The record, however, does not establish that Defendants were deliberately indifferent to Rascón's medical needs. The undisputed facts do not show that the Defendants knew of Mr. Rascón's symptoms and recklessly chose to disregard them. *Martinez*, 563 F.3d at 1089.

Instead, the facts establish that Mr. Rascón disagrees with the medical decision to withdraw the narcotic pain medications and he seeks to be given his choice of pain medication,

rather than the alternatives chosen by the prison healthcare providers. The record shows no more than a difference of opinion between the prison's medical staff and Mr. Rascón as to his treatment. The voluminous filings by Mr. Rascón disclose numerous allegations and factual disputes about acts or omissions by Defendants. However, none of Mr. Rascón's allegations or disputed facts alter the essential nature of the claim that Mr. Rascón disagrees with the treatment he is being provided. Therefore, the allegations and disputed facts do not alter the outcome and are not material to the issues on summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). The fact that Mr. Rascón disagrees with his healthcare providers about the course of his treatment does not support a claim of cruel and unusual punishment. *See, e. g.*, *Smart*, 547 F.2d at 114; *Self*, 439 F.3d at 1231; *Thompson*, 289 F.3d at 1222.

The Court grants Summary Judgment (Doc. 41) for the Defendants on Mr. Rascón's Eighth Amendment claims for deliberate indifference to serious medical needs and denies Mr. Rascón's motions for declaratory and injunctive relief. (Docs. 27, 34, 36, 37, 38, 39, 51, 65, and 66.)

## IV.   The Court grants Summary Judgment for the Defendants on Mr. Rascón's claims of retaliation.

To establish a retaliation claim, Mr. Rascón must demonstrate that: (1) he "was engaged in constitutionally protected activity[;]" (2) the Defendants' "actions caused [Mr. Rascón] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and" (3) the Defendants' "adverse action was substantially motivated as a response to

14

[Mr. Rascón's] exercise of constitutionally protected conduct." *Shero v. City of Grove,* 510 F.3d 1196, 1203 (10th Cir. 2007). "'[P]rison officials may not retaliate against or harass an inmate because he has exercised his constitutional rights, including engaging in the grievance process.'" *See Peterson v. Shanks,* 149 F.3d 1140, 1144 (10th Cir. 1998) (quoting *Smith v. Maschner,* 899 F.2d 940, 947 (10th Cir.1990)). This prohibition "'applies even where the action taken in retaliation would be otherwise permissible.'" *Peterson*, 149 F.3d at 1144 (quoting *Smith*, 899 at 948).

But "it is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison" and the restriction on retaliation "does not change this role." *Peterson*, 149 F.3d at 1144 (citing *Turner v. Safley*, 482 U.S. 78 (1987)). Simply "engaging in protected activity" does not "inoculate[]" an inmate "from the normal conditions of confinement" experienced by people who are incarcerated. *Peterson*, 149 F.3d at 1144. A plaintiff who is incarcerated and alleging retaliation "must prove that 'but for' the retaliatory motive, the incidents [he or she claims were retaliatory], including disciplinary action, would not have taken place." *Id.* (quoting *Smith,* 899 F.2d at 949–50). In other words, a plaintiff "must 'allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights.'" *Peterson,* 149 F.3d at 1145 (quoting *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990) (emphasis in *Peterson*)).

Mr. Rascón claims that the Defendants retaliated against him for refusing to undergo bilateral hip replacement surgery in three ways: (1) by making medical decisions to withdraw Morphine and Norco and to substitute those narcotic pain medications with non-narcotic ones,

(2) by placing him in the medical segregation unit for four days without a mattress and bedding, and (3) by failing to alert prison officials about the fact that he did not have a mattress and bedding in medical segregation. (*See* Doc. 46).

For purposes of deciding the Summary Judgment Motion (although Mr. Rascón does not expressly make this argument), the Court treats Mr. Rascón's refusal to undergo the bilateral hip surgery as his engagement in constitutionally protected activity—the first of three elements, discussed above, that form the basis of a retaliation claim. *Shero,* 510 F.3d at 1203. Prison officials, then, were proscribed from retaliating against or otherwise harassing Mr. Rascón for exercising his constitutional right in refusing the bilateral hip surgery. *Peterson,* 149 F.3d at 1144 ("[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his' constitutional rights" (internal quotations and citation omitted)).

However, Mr. Rascón fails to identify any evidence in the record that shows that the Defendants' alleged "adverse action"—again, withdrawing narcotic pain medication, placing him in a medical isolation cell without a mattress and bedding for four days, and failing to alert prison officials about the fact that he did not have a mattress and bedding—"was substantially motivated as a response to [Mr. Rascón's] exercise of constitutionally protected conduct." *Shero,* 510 F.3d at 1203. The undisputed facts in the record show that his healthcare providers decided, for valid medical reasons, to place Mr. Rascón in the medical segregation unit while he was in withdrawal from narcotic pain medications and to treat him with non-narcotic medications for pain and the withdrawal symptoms. It is not clear whether Mr. Rascón had a mattress and bedding in the segregation cell, but the Court assumes, as discussed above that he did not. It is

16

also not clear who had the responsibility for providing a mattress to Mr. Rascón while he was in segregation. It appears that the medical providers—the only remaining Defendants—did not have the ability, authority, or responsibility to provide Mr. Rascón with a mattress and bedding, unless it was a prescribed "medical mattress." (Doc. 41-4 at 3–4, Doc. 41-5 at 3–5 and 9, Doc. 41-6 at 2–3, and Doc. 72 at 2.)

The factual record does not show that "but for" a "retaliatory motive[,]" Mr. Rascón describes the incidents of medication management and medical isolation that Mr. Rascón describes would not have taken place. *Peterson*, 149 F.3d at 1144 (quoting *Smith,* 899 F.2d at 949–50). There are no specific facts showing that the Defendants retaliated against Mr. Rascón because he exercised his constitutional rights in refusing to have bilateral hip surgery. *Peterson,* 149 F.3d at 1145. Mr. Rascón's conclusory allegations of retaliation are insufficient to defeat summary judgment. *Pueblo v. Neighborhood Health Ctrs., Inc.*, 847 F.2d 642, 649 (10th Cir. 1988).

The Court grants Summary Judgment (Doc. 41) for the Defendants on Mr. Rascón's claims of retaliation.

**V.      The Court denies Mr. Rascón's motions to amend or supplement his Complaint.**

Mr. Rascón filed three motions seeking to amend or supplement his Complaint: (1) Motion for 42 U.S.C. § 1983 Supplemental Complaint (Doc. 33); (2) Motion for Supplemental Pleading (Doc. 35); and (3) Motion for Joinder, Defendants under FED. R. CIV. P. 20(a)(2), Fed. R. Civ. P. (Doc. 61).

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). The Rule instructs the Court to "freely give leave when justice so requires." *Id.* But the Court may deny leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir.1993)). "[W]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Id.* (citation omitted). Accordingly, "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim"—that is, point-by-point, in several filings—"in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve of trial." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir.2006) (citations omitted); *Wagner Equip. Co. v. Wood*, 289 F.R.D. 347, 349–50 (D.N.M. 2013).

As discussed above, on September 16, 2015, the Court ordered Defendants to file a report under *Martinez*. (Doc. 22.) On December 16, 2015, Defendants Douglas, Bixenman, and Staber filed the *Martinez* Report. (Doc. 41.)

Mr. Rascón seeks leave to amend his Complaint so that he can add new claims and parties. Mr. Rascón proposes new claims relating to medical care and treatment that he received

in 2015, well after the period covered in the *Martinez* Report—including the alleged prescription of seizure medication in November 2015 (Doc. 33 at 2) and the alleged destruction of pain medication in November 2015 (Doc. 33 at 6 and Doc. 35 at 2, and Doc. 61 at 1–2). In June 2016—six months after Defendants filed the *Martinez* Report—Mr. Rascón proposed to join new parties who, he alleges, were involved in the destruction of pain medication (Doc. 61 at 3), as well as parties who allegedly denied him access to a mattress. (*Id.*)

The Court does not believe that Mr. Rascón made his motions to add new claims and new parties in bad faith or because he meant to cause delay. However, it would unduly prejudice the Defendants if the Court were to allow Mr. Rascón to add new claims and new parties to his Complaint in order to address concerns about medical treatment that he received well after 2014. *Frank v. U.S. West, Inc.,* 3 F.3d at 1365. If Mr. Rascón were to add new claims and new parties, it would have the effect of "mak[ing] the complaint a moving target" and further delaying resolution of the case. *See Wagner Equip. Co. v. Wood,* 289 F.R.D. at 349–50.

The Court denies Mr. Rascón leave to amend his Complaint in this case (Docs. 33, 35, and 61). However, the Court's denial does not prevent Mr. Rascón from raising the new claims in a separate proceeding.

**VI.     The Court grants Mr. Rascón's Request for CM/ECF assistance.**

Also pending is Mr. Rascón's Request for CM/ECF System For Electronic Assistance by Clerk of Court for Notice of Service to Defendants Attorney of All Documents Filed. (Doc. 52.) Defendants' attorney of record is already being served through the Court's CM/ECF system with all filings in the case.

Therefore, the Court grants the Motion.

**VII.    The Court denies Mr. Rascón's discovery motions.**

Mr. Rascón filed a Motion to Compel Discovery (Doc. 60) and Motion, Door Opened for (3) Requests for Admissions (Doc. 70). Mr. Rascón's discovery motions seek the disclosure of medical records and information—including requests for admissions from Defendants (Doc. 60 at 1 and Doc. 70 at 1). Rather than permitting standard discovery in this case, the Court ordered that the Defendants prepare a *Martinez* Report to develop the factual record. (Doc. 22.) The Court determines that the discovery Mr. Rascón now requests and the evidence he seeks to present would demonstrate no more than additional differences of medical opinion about his treatment and would not serve to establish any genuine dispute of fact.

Accordingly, the Court denies the two motions for discovery. (Docs. 60 and 70.) *See* FED. R. CIV. P. 56(a) and (d).

<u>**CONCLUSION**</u>

Opioid withdrawal—such as the withdrawal from Morphine and Norco pain medication that Mr. Rascón described in his Complaint and other filings—is very difficult and painful. The Court believes that the typical pain associated with withdrawal would be even worse for a person who, like Mr. Rascón, is incarcerated. But while Mr. Rascón underwent a period of transition and withdrawal, the Defendants took steps to lessen the pain. They followed the Corizon medication protocol to alleviate some of the common side effects of opiate withdrawal.

Mr. Rascón does not allege facts that could establish that the medical decision to stop providing him with narcotic medication and to observe him for four days in medical segregation

20

constituted deliberate indifference to his serious medical needs or was done in retaliation for his refusal to have the hip surgery. Moreover, the alleged denial of a mattress similarly does not rise to the level of an Eighth Amendment violation. There is no dispute as to any material fact. Defendants are entitled to summary judgment as a matter of law on Mr. Rascón's claims under 42 U.S.C. § 1983.

Accordingly, the Court **DENIES** Mr. Rascón's Motion for Court Authority to Order Corizon Physicians to Provide Morphine for Pain (**Doc. 27**), Motion for Leave to File 42 U.S.C. § 1983 Supplemental Complaint (**Doc. 33**), Motion for Transport to Lea Regional Medical Center to Unit of Pain Management (**Doc. 34**), Motion for Supplemental Pleading (**Doc. 35**), Motion for Final Order for Declaratory Judgment for Morphine for Pain (**Doc. 36**), Motion for Appointment of Expert to Review CT Scan and MRI (**Doc. 37**), Motion for Medical Consultation with a Pain Specialist at Lea Regional Medical Center (**Doc. 38**), Motion for Medical Contract Monitor (**Doc. 39**), Motion to Define Doctors' Responsibility Under (Cost v Care Doctrine) (Liberty Interest) (**Doc. 51**), Motion to Compel Discovery under Fed. R. Civ. P. 37(a)(2) (**Doc. 60**), Motion for Joinder of Defendants under Fed. R. Civ. P. 20(a)(2) (**Doc. 61**), Fed. R. Civ. P. 26(a)(2) Motion to Admit Dr. D. Birnbaum as Party-Opponent Expert Witness (**Doc. 64**), Motion for Injunction and for Medical Administrator and Medical File Placement (**Doc. 65**), Motion for Medical File of Joseph Rascón (in support of Motion for Injunction) (**Doc. 66**), Motion, Door Opened for (3) Requests for Admissions and Notice of Inaccurate Statement (**Doc. 70**), Motion, Dr. Birnbaum as of Date 7-4-2016 Exhibit of Standard Order of Care (**Doc. 71**), Expert Witness Motion and Exhibit (**Doc. 72**), and Motion to Allow Dr. Birbaum as Expert Witness (**Doc. 73**).

The Court **GRANTS** Plaintiff Joseph Rascón's Motion to Admit Evidence filed January 11, 2016 (**Doc. 45**) and Request for CM/ECF System for Electronic Assistance by Clerk of Court for Notice of Service to Defendants Attorney of All Documents Filed (**Doc. 52**).

Finally, the Court **GRANTS** the Motion for Summary Judgment by Defendants Don Douglas, Maureen Bixenman and Dr. Lisa Staber (**Doc. 41**) and **DISMISSES WITH PREJUDICE** Mr. Rascón's Complaint (**Doc. 1**) and, with it, all of the claims and causes of action in the Complaint.

DATED this 30th day of September, 2016.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

JOSEPH RASCÓN                        NORMAN F. WEISS
*Pro Se*                                      Simone, Roberts & Weiss, P.A.

                                             *Attorney for Defendants*

22