## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOSEPH RASCÓN,

      Plaintiff,

vs.                                                      No. CV 15-00067 MV/GJF

DONALD DOUGLAS, MAUREEN
BIXENMAN, AND DR. LISA STABLER,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on the "Constitutional 8th 4th, 14th Violations American With Disability Act (A.D.A.) 42 U.S.C. § 12102(4)(A). Civil Rights Violation" filed October 11, 2016 (Doc. 76) and "Motion; Criminal Complaint of Possible Death in Transit February 18, 2014" filed October 14, 2016 (Doc. 77) by Plaintiff Joseph Rascón. The Court construes Plaintiff Rascón's filings as motions to alter or amend judgment under Fed. R. Civ. P. 59(e) and denies the motions.

A motion to alter or amend judgment under Rule 59(e) "must be filed no later than 28 days after entry of the judgment." FED. R. CIV. P. 59(e). A Rule 59(e) motion may be granted only if the moving party establishes one of the following three grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion does not permit a losing party to revisit arguments previously addressed or to present new arguments that could have been raised earlier. FED. R. CIV. P. 59(e); *Servants of the Paraclete*, 204 F.3d at 1012. The district court has great discretion in deciding a Rule 59(e) motion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)

("We review a district court's ruling on a Fed.R.Civ.P. 59(e) motion under an abuse of discretion standard.") In short, a Rule 59(e) motion "should be granted only '"to correct manifest errors of law or to present newly discovered evidence."' *Phelps*, 122 F.3d at 1324 (quoting *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992)).

"Regardless of how it is styled, a post-judgment motion that is filed within [28] days [of the final judgment] that questions the correctness of the judgment is properly construed as a Rule 59(e) motion." *See Venable v. Haislip*, 721 F.2d 297, 299 (10th Cir. 1983) (discussing Rule 59(e) in the context of the pre-2009 Amendment to the Rules).

For the reasons stated below, the **COURT DENIES** Mr. Rascón's "Constitutional 8th 4th, 14th Violations American With Disability Act (A.D.A.) 42 U.S.C. § 12102(4)(A). Civil Rights Violation" filed October 11, 2016 (Doc. 76) and "Motion; Criminal Complaint of Possible Death in Transit February 18, 2014" filed October 14, 2016 (Doc. 77), Motion for Appointment of Counsel (Doc. 81), and Motion; Rule 702 Fed. R. Evidence (Doc. 83)**.**

## I.      Factual and Procedural Background

In his Complaint, Mr. Rascón alleged that he suffers from arthritis and degenerative bone disease, which cause severe pain. (Doc. 1 at 8). Prison doctors had recommended that Mr. Rascón undergo hip replacement surgery and had arranged for his transport to a medical facility for a preoperative consultation. On February 18, 2014, he refused to undergo the hip surgery and refused to be transported, based on concerns about the length of the transport time in a prison van and undergoing general anesthesia. Following his refusal of the preoperative transport, Defendant Bixenman, in consultation with Defendants Douglas and Staber, placed Mr. Rascón in a medical cell for four days for the purpose of monitoring his withdrawal from Morphine and Norco, opioid pain medications, and his transition to non-opioid pain medication. The cell had

only a steel slab for sleeping and had no mattress or blankets. (Doc. 1 at 8). The morphine medication that Mr. Rascón had been receiving was stopped and he was given a psychiatric drug, Vistoril, for the four days. On the fourth day, February 21, 2014, he was given a mattress and bedding. (Doc. 1 at 8, 9–11, 19).

The Court granted the Defendants Douglas, Bixenman, and Staber's Motion for Summary Judgment (Doc. 41) and dismissed with prejudice Mr. Rascón's Complaint (Doc. 1). (Doc. 74 at 2.) The Court ruled that Mr. Rascón's factual allegations and the additional materials in the record did not establish an Eighth Amendment claim of deliberate indifference to serious medical needs. (Doc. 74 at 14.)

In granting the Defendants' Motion for Summary Judgment, the Court noted that "[a]n Eighth Amendment claim for deliberate indifference to serious medical needs involves a two-pronged inquiry, comprised of an objective component and a subjective component." *Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir.2000)." (Doc. 74 at 9.) While Mr. Rascón established with undisputed facts the objective prong of his Eighth Amendment claim (that he suffers from serious medical conditions), he failed to show the subjective component of his Eighth Amendment claim (that the prison officials knowingly or recklessly disregarded his serious symptoms). More specifically (and briefly), first, with respect to the objective component, the undisputed facts in the record clearly showed that "Mr. Rascón suffers from serious medical conditions, including osteoarthritis and degenerative joint disease, which have been diagnosed by a physician as mandating treatment." (Doc. 74 at 12.) However, the facts in the record did not show that the Defendants were deliberately indifferent to Mr. Rascón's medical needs. In fact, the record showed that the Defendants attempted to address his medical needs by arranging a bilateral hip replacement surgery, but that Mr. Rascón declined to undergo the surgery and then

disagreed with the Defendants' medical decision to withdraw the narcotic pain medications. (*Id.* at 12–13.)

Mr. Rascón filed a Notice of Appeal on November 3, 2016, appealing from the Court's Memorandum Opinion and Order dismissing his Complaint. (Doc. 79.) Mr. Rascón filed his two post-judgment filings, Doc. 76 and Doc 77, within twenty-eight days after entry of Judgment.

## II.    Analysis

In his first post-judgment filing, Mr. Rascón argues that the Defendants' actions violated the Americans with Disabilities Act (ADA) and the Health Insurance Portability and Accountability Act (HIPAA). (Doc. 76 at 1.) In his second post-judgment filing, he urges if he had not refused transport, he likely would have choked to death, and that the Defendants exposed him to great danger in placing him in a medical segregation cell with a cold bunk as he withdrew from opioid pain medication. (Doc. 77 at 2.) He urges that these acts constitute attempted murder for which the Defendants should be criminally prosecuted. (*Id.*).

Mr. Rascón filed the two motions shortly after the Court entered its Judgment. Although neither of Mr. Rascón's filings expressly asks the Court to reconsider its Memorandum Opinion and Order (Doc. 74), both of them raise issues related to the merits of his medical claims and the Court's ruling dismissing those claims. Therefore, the Court construes the two filings as timely motions to alter or amend the Judgment under Rule 59(e).

Mr. Rascón has argued and continues to argue that the discontinuance of the opioid pain medications does not comply with medical and scientific standards. He submits that Dr. Birnbaum's subsequent decision to reinstate his morphine prescription establishes that Defendants breached the medical standard of care. (*See* Doc. 76 at 2-5.) As the Court has already ruled, the questions of whether the decision to withdraw Mr. Rascón from opioid pain

medications met the medical standard of care and whether Dr. Birnbaum's reinstatement of his morphine prescription establishes a breach of the medical standard do not rise to the level of deliberate indifference in violation of Eighth Amendment constitutional rights. *Self v. Crum*, 439 F.3d 1227, 1230–31 (10th Cir. 2006) ("a prison official cannot be liable 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

In his post-judgment filings, Mr. Rascón now contends that the Defendants' actions violate the ADA and HIPAA and constitute forgery and attempted murder. (Docs. 76 and 77.) Plaintiff Rascón does not raise any manifest error of law in the Court's decision or present any newly discovered evidence. Instead, Mr. Rascón asks the Court to consider new arguments that he urges may bolster his claims and rehashes old evidence that he has already presented to the Court. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *Servants of the Paraclete*, 204 F.3d at 1012. Because Plaintiff Rascón does not establish any basis for the Court to reconsider its ruling, the Court **DENIES** his post-judgment motions (Docs. 76 and 77.)

Also before the Court are Plaintiff Rascón's Motion for Appointment of Counsel (Doc. 81) and Motion; Rule 702 Fed. R. Evidence (Doc. 83).

With respect to his motion seeking the appointment of counsel, there is no right to the appointment of counsel in a civil rights case. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corrections Corp. of America*, 331 F.3d 1164, 1169 (10th Cir. 2003) ("plaintiffs have no Sixth Amendment right to counsel in a

civil case."); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir. 1988). In determining whether to appoint counsel, the district court should consider "the merits of [the litigant's] claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004). The Court has reviewed the complaint and subsequent filings in light of the foregoing factors. Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court **DENIES** the Motion for Appointment of Counsel. (Doc. 81.)

In his Motion; Rule 702 Fed. R. Evidence (Doc. 83), Mr. Rascón argues that he needs Dr. Birnbaum as an expert to refute frustrated discovery from the Defendants. However, the Court has entered its final Judgment and Mr. Rascón has already presented evidence of Dr. Birnbaum's morphine prescriptions in the record. There is no basis for any further discovery proceedings or expert testimony. Mr. Rascón's appeal will be determined based on the existing record. *See* FED. R. APP. P. 10. Therefore, the Court also **DENIES** Plaintiff Rascón's Motion for a Rule 702 expert.

### III.    Conclusion

In conclusion, the **COURT DENIES** Mr. Rascón's "Constitutional 8[th] 4[th], 14th Violations American With Disability Act (A.D.A.) 42 U.S.C. § 12102(4)(A). Civil Rights Violation" filed October 11, 2016 (Doc. 76) and "Motion; Criminal Complaint of Possible Death in Transit February 18, 2014" filed October 14, 2016 (Doc. 77), Motion for Appointment of Counsel (Doc. 81), and Motion; Rule 702 Fed. R. Evidence (Doc. 83)**.**

DATED this 6th day of March, 2017.

_____

**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

JOSEPH RASCÓN                                      NORMAN F. WEISS
*Pro Se*                                          Simone, Roberts & Weiss, P.A.
                                                 *Attorney for Defendants*

7